The order below is hereby signed.

Signed: February 20 2014



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| OSTOJIC IVANKA, | ) | Case No. 88-00252 |
| | ) | (Chapter 13) |
| Debtor. | ) | Not for publication in |
| | ) | West's Bankruptcy Reporter. |

MEMORANDUM DECISION AND ORDER DENYING
APPLICATION FOR RELEASE OF UNCLAIMED FUNDS

On February 10, 2014, Citibank, N.A., successor-in-interest of Citibank Maryland, filed an application for release of unclaimed funds in the amount of $127.00 (Dkt. No. 39).  This is the third time that Citibank or a related entity has sought to recover the unclaimed funds.  See attached *Memorandum Decision and Order* dated December 29, 2010, and entered by the clerk on December 30, 2010.

The governing statute, 28 U.S.C. § 2042, requires that in order to obtain a release of unclaimed funds, the applicant must submit "full proof of the right thereto."  This application, like the other two, fails to comply with that requirement.  Although the application is signed under penalty of perjury and states that the debt remains unsatisfied in an amount exceeding the

unclaimed funds, it provides the following information in paragraph 4 of the form of application used in this court for obtaining a release of unclaimed funds:

> 4. An account record regarding amounts owed on the debt:
> [ ] was not maintained;
> [ ] was maintained and a copy of the page stating the balance currently owed is attached hereto;
> [x] was maintained but is unavailable because:
>
> but I can certify that the debt remains unpaid because: Payment has not been received.

The application contains no satisfactory explanation for how the applicant can know that payment has not been received, and that the debt remains unpaid, when there is no account record available. Accordingly, the applicant has not submitted "full proof of [its] right" to the unclaimed funds as required by § 2042.

This court generally does not require that an attorney represent a corporation with respect to an application to obtain a release of unclaimed funds. However, this is the third unsuccessful application, signed by a non-attorney, seeking to obtain the $127.00 in unclaimed funds. The court carefully explained in the *Memorandum Decision and Order* dated December 29, 2010, the burden the applicant faces, but the applicant appears to be incapable, without the assistance of an attorney, of filing an application that meets that burden. To assure that any further application more likely will plausibly comply with

2

§ 2042, I will require that any such further application be signed by an attorney.  It is thus

ORDERED that the renewed application for release of unclaimed funds in the amount of $127.00 (Dkt. No. 39) filed on February 10, 2014, is denied without prejudice.  It is further

ORDERED that any further application for the release of the unclaimed funds must be signed by a member of the bar of the district court of which this court is a unit.

[Signed and dated above.]

Copies to:

Citibank, N.A.
c/o Santo Trombetta
388 Greenwich Street, 8th Floor
New York, NY10013

3

The order below is hereby signed.

Signed: December 29, 2010.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

```
              UNITED STATES BANKRUPTCY COURT
               FOR THE DISTRICT OF COLUMBIA

In re                          )
                               )
OSTOJIC IVANKA,                )    Case No. 88-00252
                               )    (Chapter 13)
          Debtor.              )    Not for Publication in
                               )    West's Bankruptcy Reporter
```

MEMORANDUM DECISION AND ORDER DENYING
RENEWED APPLICATION FOR RELEASE OF UNCLAIMED FUNDS

On December 17, 2010, Citicorp, N.A., successor-in-interest of Citibank Maryland, filed a renewed application for release of unclaimed funds in the amount of $127.00 (Dkt. No. 34).  The chapter 13 trustee in the above-captioned bankruptcy case distributed the dividend by check to Citibank Maryland, but the check remained unpaid ninety days after the final distribution, and on March 29, 1993, she deposited the $127.00 in the registry of the court.  The application does not affirmatively state that the debt that the debtor owed Citibank Maryland was never fully paid by the debtor, and remains unpaid in the amount of at least $127.00.  Without such a showing, the application must be denied.

Although the debtor received a discharge (which would bar any collection of an unpaid debt as a personal obligation of the

debtor), that discharge was ineffective with respect to any lien claim of Citibank Maryland.  Experience teaches that the chapter 13 trustee typically deposited unclaimed distributions to a bank when the bank, pursuant to an order granting relief from the automatic stay, was in the midst of foreclosing on the debtor's real property and did not want to waive its right to foreclose by accepting a distribution payment.  The docket here does not reflect any order granting relief from the automatic stay, but any lien would have remained enforceable after the entry of the discharge.  Moreover, the debt could have been satisfied by any co-debtor.[1]  Finally, although unlikely, the debtor may have voluntarily repaid the debt.  The court suspects that 17 years after the trustee deposited the unclaimed funds, Citicorp, N.A. has no records from which it can ascertain whether the debt was satisfied.  The court suspects that Citicorp, N.A. has learned from an examination of court files that at one point it *was* entitled to the distribution even though now it has no idea whether a debt is still owed by the debtor for which it could legitimately assert a right to a distribution from the plan payments the trustee received from the debtor (and of which she deposited $127.00 into the registry of the court).  As this court

---

[1] The court has not pulled the case file from archives to examine the creditor's proof of claim and the debtor's schedules in order to investigate whether the creditor had a lien and whether there was a co-debtor, but the burden is on the applicant to demonstrate its entitlement to the unclaimed funds.

2

stated with respect to the prior application filed by this applicant:

> Absent a showing that the debt payable to Citibank Maryland has not been previously satisfied, the court will not grant the relief sought.
> The burden is on Citicorp to demonstrate that it is entitled to the funds sought. *Hansen v. United States*, 340 F.2d 142, 144 (8th Cir. 1965). Although the record before the court demonstrates that Citibank Maryland was at one time entitled to the funds, Citicorp has not demonstrated a present entitlement. The court will require pursuant to 28 U.S.C. § 2042 that the withdrawal of the funds and payment to Citicorp will be ordered only upon a demonstration by Citicorp of a **present** right to the funds. *See Willametz v. Susi*, 489 F.2d 364, 366 (1st Cir. 1973).
> Although the funds were originally distributed by check made payable to Citibank Maryland pursuant to an allowed claim, the court is not willing to deem this satisfactory evidence, standing alone, of Citicorp's **continuing** entitlement, as Citibank Maryland's successor-in-interest, to the funds. *See Willametz*, 489 F.2d at 366 (funds originally deposited with district court on condition that such court enjoin enforcement of previously entered but potentially duplicative state court judgment could be distributed to creditor of prevailing party despite absence of provision for such payment upon change in circumstances justifying such payment). If Citibank Maryland's claim that was the basis for the issuance of the distribution has already been satisfied, circumstances have changed such that Citicorp is no longer entitled, as Citibank Maryland's successor-in-interest, to the funds. *Id*. at 367 (*quoting Harris v. Balk*, 198 U.S. 215, 226 (1905) ("It ought to be and is the object of courts to prevent the payment of any debt twice over.")).

Mem. Decision and Order of August 9, 2010, at 2-3 (footnote omitted). Section 2042 requires that in order to obtain a release of unclaimed funds, the applicant must submit "full proof of right thereto," and it is thus

ORDERED that the renewed application filed on December 17,

Exhibit to Order signed 02-20-2014.   Page 3 of 4.

2010, by Citicorp, N.A., successor-in-interest of Citibank Maryland, for release of unclaimed funds in the amount of $127.00 (Dkt. No. 34) is DENIED without prejudice.

[Signed and dated above.]

Copies to:

CITICORP, N.A.
Attn: Kathleen S. Allen
3800 Citigroup Center Dr., G3-4
Tampa, FL, 33610

Exhibit to Order signed 02-20-2014.   Page 4 of 4.